# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSA ACOSTA, et al. | Civil Action No. |
| Plaintiffs, | 18-17725 (MCA) (LDW) |
| v. | **REPORT & RECOMMENDATION** |
| STRIP CLUB OWNERS DOING BUSINESS AT HIGHWAY ENTERTAINMENT d/b/a AJ'S GOGO, et al., | |
| Defendants. | |

## LEDA DUNN WETTRE, United States Magistrate Judge

Before the Court by way of this Court's *sua sponte* Order To Show Cause of April 17, 2019 (ECF No. 56), are the parties' submissions addressing why this action should not be severed into separate actions pursuant to Fed. R. Civ. P. 21. Plaintiffs oppose severance. (ECF No. 59.) The majority of defendants seeks severance; none opposes. (ECF Nos. 61, 64, 65, 66, 67, 71, 73, 74, 76, 77, 79, 82.) The Court heard oral argument on May 30, 2019, and held several subsequent telephone conferences to pursue resolution of this issue consensually, which ultimately proved unsuccessful. Having considered the parties' written submissions and oral argument, and for the reasons set forth below, the Court recommends that severance be ordered pursuant to Fed. R. Civ. P. 21.[1]

---

[1] Because it is recommended that the severance be effected by dismissing certain parties from this lawsuit, the recommended relief is dispositive in nature.

## I.     BACKGROUND

Plaintiffs are more than fifty models who allege that more than twenty defendants that own or manage "strip clubs" misappropriated their photographic images and used them in advertisements for the clubs on social media. In their 124-page complaint, plaintiffs allege that 21 entities, all located within the State of New Jersey, posted plaintiffs' images on social media accounts without consent and for commercial benefit. The complaint includes a table of the nearly 300 photographs at issue by listing the model-plaintiff, initial publication date, and image url. The table does not include, however, which defendant allegedly misappropriated a particular image.[2]

The Court, observing the unusual numbers of seemingly unrelated plaintiffs and unrelated defendants grouped together in this action, issued an Order To Show Cause *sua sponte* on April 17, 2019. The Order directed the plaintiffs to show cause why this action should not be severed into separate actions pursuant to Rule 20. Both parties submitted briefings on the issue. Plaintiffs argue that adjudicating all of the misappropriation claims in one case will ensure consistent outcomes, allow for reasonable case management, and minimize the costs of litigation. Defendants essentially argue that the allegations have no overlap beyond the substantive cause of action. The Court reserved decision at the conclusion of the Order To Show Cause hearing. Several subsequent case management telephone conferences failed to arrive at a consensus on how this case could be severed consensually. The Court therefore now reaches the issue of severance.

## II. DISCUSSION

In assessing whether the Complaint in this action improperly joins plaintiffs or defendants, requiring severance, the Court looks to Rules 20 and 21 of the Federal Rules of Civil Procedure.

---

[2] Although this appears to present other potentially dispositive defects in the Complaint, these are beyond the scope of the Order To Show Cause.

Rule 20, governing permissive joinder of parties, provides that plaintiffs or defendants may be joined in an action if (1) the parties assert any right to relief, or any right to relief is asserted against them, "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or a series of transactions or occurrences"; and (2) "any question of law or fact common to all plaintiffs [or defendants] will arise in the action." Fed. R. Civ. P. 20(a).

Federal Rule of Civil Procedure 21 provides the remedies for misjoinder. It directs that actions not be dismissed for misjoinder, but rather that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Generally, courts have broad discretion in deciding whether to sever claims pursuant to Rule 21. *Lopez v. City of Irvington*, No. 05-cv-5323, 2008 U.S. Dist. LEXIS 14941, at *5 (D.N.J. Feb. 27, 2008).

The Court first finds that the numerous plaintiffs do not assert a right to relief "arising out of the same transaction, occurrence" or series thereof, and that the claims against the sundry defendants also do not arise out of the same transaction or occurrence. To be sure, all model-plaintiffs assert that defendants generally misappropriated their images, but the Complaint is an impenetrable mix and match of which model contends which defendant or group of defendants misappropriated which of their images. The Complaint generally asserts that images of the 58 different plaintiffs were misappropriated by defendants independently of one another at various times and on various websites, without detailing a potential nexus that could satisfy the requirements of permissive joinder. *See*, e.g., Complaint ¶¶ 139, 140. The Complaint does not assert that the defendants or their activities were related; the only common thread throughout the Complaint is that the defendants are all accused of the same substantive tort and are citizens of New Jersey.

3

In *Live Face on Web, LLC v. Green Tech. Servs.*, Civ. No. 14-182 (JEI) (AMD), 2014 U.S. Dist. LEXIS 72281, at *13 (D.N.J. May 14, 2014), the Court found misjoinder where plaintiff asserted that various unrelated defendants infringed the same copyrighted work. The Court explained that joinder was improper where "Plaintiff seeks to join in this single action *unrelated* Defendants, who purportedly committed copyright infringement through *independent* acts, at *different* times and locations, and through *distinct* transactions." *Id*; see also *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) (finding that competitors alleged to have infringed the same patent could not be joined as defendants in a single action); *New Jersey Mach., Inc. v. Alford Indus.*, Civ. No. 89-1879 (JCL) (FLW), 1991 U.S. Dist. LEXIS 20376, at *15 (D.N.J. Oct. 7, 1991) (finding allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction).

This case seeks to join more than twenty unrelated defendants, more than fifty unrelated plaintiffs, and hundreds of unrelated copyrighted works in a single lawsuit. Asserting a common substantive tort against defendants who share New Jersey citizenship does not satisfy even the liberal standards of Rule 20. The Court therefore finds that joinder of these claims is improper, as they do not arise out of the same transaction or occurrence.

Plaintiffs' sole legal ground for opposing severance is a decision of this Court that the issuing magistrate judge subsequently disclaimed. They cite *Malibu Media, LLC v. John Does 1-30*, Civ. No. 12-3896 (MAS) (DEA), 2012 U.S. Dist. LEXIS 175919 (D.N.J. Dec. 12, 2012), in which the plaintiff, a single California corporation, sued 30 individual John Doe defendants, alleging each infringed the same copyrighted work. The Court originally determined joinder was appropriate. In a later case presenting the same issue, however, the same magistrate judge found that the causal connection between the defendants was insufficient to support joinder and granted

defendants' motions to sever. *Malibu Media, LLC v. Doe*, 12-6945 (MAS) (DEA), 2013 U.S. Dist. LEXIS 44053, *4 (D.N.J. Mar. 28, 2013) (citing *Amselfilm Productions GMBH & CO. KG v. SWARM 6A6DC*, Civ. No. 12-3865 (FSH) (PS), 2012 U.S. Dist. LEXIS 186476 (D.N.J. Oct. 10, 2012), *Patrick Collins v. John Does 1-41*, Civ. No. 12-3908 (KSH) (PS), 2013 U.S. Dist. LEXIS 46369 (D.N.J. Feb. 15, 2013)). The Court concluded: "Upon further reflection and analysis of recent authority, the Court is concerned that its ability to efficiently manage the pretrial phases of this action with the present number of defendants could be compromised by permitting joinder, causing a strain on judicial resources." *Id.*

This case, if left in its current posture, presents the same concerns. The Court finds joinder of so many unrelated parties and claims not only violates Rule 20, but is also contrary to the goal of Fed. R. Civ. P. 1 "to secure the just, speedy, and inexpensive determination of every action and proceeding." If left as currently pleaded, defendants will be required to participate in discovery and court proceedings that concern wholly unrelated entities and activities. The permissive joinder rules, while expansive, do not permit such a result.

### III. RECOMMENDATION

As described above, the undersigned is unable to discern from the current pleading the precise manner in which severance could be ordered to bring the Complaint into compliance with Fed. R. Civ. P. 20. For this reason and based on the foregoing, the Court recommends that all claims in this action except the claim of the first-named plaintiff, Rosa Acosta, against the first defendant against whom she makes allegations, Delilah's Den Atlantic City, be dismissed from

this action without prejudice to plaintiffs' refiling their claims.[3]

Dated:        September 23, 2019

*Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

Original:    Clerk of Court
cc:          Hon. Madeline C. Arleo, U.S.D.J.
             All parties

---

[3] Because the Complaint is so unclear as to the relationship of the claims of the various plaintiffs against the various defendants, the Court is unable to determine with greater specificity how the remainder of the parties should be severed.

6