UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROSA ACOSTA, et al.,

        *Plaintiffs*,

v.

HIGHWAY ENTERTAINMENT, d/b/a AJ's GOGO, et al.,

        *Defendants.*

Civil Action No. 18-17725

ORDER

**THIS MATTER** comes before the Court on Magistrate Judge Leda Dunn Wettre's ("Judge Wettre") Report & Recommendation (the "R&R"), ECF No. 88, that the Court should sever Plaintiffs Rosa Acosta's, Jennifer Archuleta's, Jennifer Burciaga's, Alana Souza's, Paola Canas's, Jordan Carver's, Ana Cheri's, Kimberly Cozzens's, Iesha Marie Crespo's, Megan Daniels's, Camilla Davalos's, Mariana Davalos's, Tiffany Toth Gray's, Brenda Geiger's, Cielo Jean Gibson's, Raquel Gibson's, Jesse Golden's, Vida Guerra's, Hillary Hepner's, Jessa Hinton's, Krystal Hipwell's, Laurie Fetter Jacobs's, Rosie Jones's, Marketa Kazdova's, Jessica Killings's, Julianne Klaren's, Rachel Koren's, Joanna Krupa's, Nikki Leigh's, Arianny Celeste Lopez's, Jamie Edmondson Longoria's, Masha Lund's, Athena Lundberg's, Ursula Mayes's, Jamie Middleton's, Denise Milani's, Dessie Mitcheson's, Kara Monaco's, Tara Leigh Patrick's, Eva Pepaj's, Lucy Pinder's, Lina Posada's, Abigail Ratchford's, Laurie Romeo's, Carissa Rosario's, Claudia Sampedro's, Tiffany Selby's, Sabella Shake's, Cora Skinner's, Rhian Sugden's, Jaclyn Swedberg's, Brooke Taylor's, Sara Underwood's, Katarina Van Derham's, Irina Voronina's, Sheena Lee Weber's, Heather Rae Young's, and Jennifer Zharinova's (collectively, "Plaintiffs") Complaint, ECF No. 1, into separate actions pursuant to Federal Rule of Civil Procedure 21;

1

and it appearing that this matter involves Defendants' allegedly unauthorized use of Plaintiffs' images in advertisements and social media posts, see generally Compl.;[1]

and it appearing that on April 17, 2019, Judge Wettre issued, sua sponte, an Order to Show Cause why Plaintiffs' Complaint should not be severed into separate actions, ECF No. 56,

and it appearing that Plaintiffs opposed severance, ECF No. 59, and that all responding Defendants supported severance, see ECF Nos. 61, 64-67, 71, 73, 74, 76, 77, 79, 82;

and it appearing that on September 23, 2019, Judge Wettre issued the R&R that the Court dismiss all claims except for those of the first Plaintiff, Rosa Acosta ("Acosta"), against the first Defendant about whom she makes allegations, Delilah's Den Atlantic City ("Delilah's A.C."), R&R at 5-6, ECF No. 88;

and it appearing that Plaintiffs object to the R&R because their claims allegedly arise out of the same "series of occurrences" and because severance would not promote judicial efficiency, see Pl. Br. at 1, ECF No. 91;

and it appearing that "persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action," Fed. R. Civ. P. 20(a)(1);[2]

and it appearing that misjoinder occurs when there is no common question of law or fact between the plaintiffs, or when the plaintiffs' claims against the defendants do not arise out of the same transaction or occurrence, see DirecTV, Inc. v. Leto, 467 F.3d 842, 844-45 (3d Cir. 2006);

---

[1] As noted by Judge Wettre, Plaintiffs name as defendants twenty-one parties that own or operate strip clubs in New Jersey (collectively, "Defendants"). See R&R at 1; Compl. ¶¶ 59-131.

[2] Similarly, defendants may be joined in one action if "any right to relief . . . aris[es] out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

2

and it appearing that when parties are misjoined, the Court may either dismiss those parties without prejudice to refile or may sever the parties and allow the suits to proceed separately, DirecTV, 467 F.3d at 845; see also Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."); Lopez v. City of Irvington, No. 05-5323, 2008 WL 565776, at *2 (D.N.J. Feb. 28, 2008) (holding that claims may be severed "to prevent prejudice or promote judicial efficiency");

and it appearing that the decision to sever "is left to the discretion of the trial court," Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc., 49 F. Supp. 2d 709, 721 (D.N.J. 1999), and whether to dismiss parties without prejudice "is restricted to what is just," DirecTV, 467 F.3d at 845 (citation and quotation marks omitted);

and it appearing that Judge Wettre properly concluded that Plaintiffs' claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences because the Complaint "asserts that the images of [Plaintiffs] . . . were misappropriated by [D]efendants independently of one another at various times and on various websites, without detailing a potential nexus that could satisfy the requirements of [Rule 20] permissive joinder," R&R at 3; see also Compl. ¶¶ 139-40 (listing the website addresses of social media posts underlying Plaintiffs' misappropriation claims without indicating any coordination between Defendants or identifying whether more than one Plaintiff's image or likeness appeared in each post such that joinder may be appropriate);[3]

---

[3] The Complaint provides allegations for each of the fifty-eight Plaintiffs individually.  See Compl. ¶¶ 146-772.  Several Plaintiffs bring the same claims against certain Defendants, but they do not explain whether their allegedly misappropriated photographs appear in the same advertisements or social medial posts.  Those same Plaintiffs also bring claims against other unrelated Defendants.  For example, Plaintiffs Brenda Geiger, Joanna Krupa, Denise Milani, Lucy Pinder, and Carissa Rosario claim that Defendant D.M.Z. Inc. misappropriated their photographs, but they do not explain whether those photographs appear in the same advertisements or social media posts, or are unrelated, and they each bring allegations against other Defendants as well.  See id. ¶¶ 291-99, 434-42, 522-30, 577-85, 622-29.  As Judge Wettre explained "the only common thread . . . is that the [D]efendants are all accused of the same substantive

3

and it appearing that because Plaintiffs' claims do not arise out of the same transaction, occurrence, or series of occurrences, joinder was improper, see, e.g., Tredo v. Ocwen Loan Servicing, LLC, No. 14-3013, 2014 WL 5092741, at *4-5, *10 (D.N.J. Oct. 10, 2014) (allowing first-named plaintiff's claims against a mortgage servicer to proceed and dismissing remaining plaintiffs as misjoined, without prejudice to refile separately, where plaintiffs were "15 different individuals who obtained 15 different and unrelated residential loans . . . at different times"); Live Face on Web, LLC v. Green Tech. Servs., No. 14-182, 2014 WL 2204303, at *3-5 (D.N.J. May 27, 2014) (severing copyright infringement action against "unrelated defendants, who purportedly committed copyright infringement through independent acts, at different times and locations, and through distinct transactions") (emphasis in original);[4]

and it appearing that dismissal without prejudice to refile, rather than severance, serves the interests of justice because it is not clear from the Complaint which Plaintiffs' claims are asserted against which Defendants such that severance would be impracticable, see R&R at 6 n.3, and because refiling would not have any adverse effect on the viability of Plaintiffs' claims, such as being barred by a statute of limitations, see DirecTV, 467 F.3d at 845-46;

and for the reasons stated in the R&R;

**IT IS** on this 20th day of April, 2020;

**ORDERED** that Judge Wettre's R&R, ECF No. 88, is **ADOPTED** as modified below; and it is further

---

tort and are citizens of New Jersey." R&R at 3. Otherwise, the Complaint is "unclear as to the relationship of the claims of the various [P]laintiffs against the various [D]efendants." Id. at 6 n.3.

[4] Analyzing similar claims asserted by many of the same plaintiffs as this matter, Magistrate Judge Hammer recently reached the same conclusion and ordered severance because "[u]nrelated claims of this nature against independent actors belong in different suits." See Acosta v. Anthem Lounge, No. 18-17710, 2019 WL 5304156, at *3-6 (D.N.J. Oct. 18, 2019). An appeal of that order is pending. See ECF No. 97, Acosta v. Faraones Nightclub, No. 18-17710 (D.N.J. Nov. 1, 2019).

**ORDERED** that all claims, other than those alleged by the first-named plaintiff, Rosa Acosta ("Acosta"), against Defendants Delilah's A.C. and Blush Gentlemen's Club,[5] are **DISMISSED WITHOUT PREJUDICE**, and may be filed as separate actions in accordance with Federal Rule of Civil Procedure 20;[6] and it is further

**ORDERED** that Defendant Breathless, Inc.'s Motion to Dismiss, ECF No. 90, is **DENIED** as moot.

                                               */s Madeline Cox Arleo*_____
                                               **HON. MADELINE COX ARLEO**
                                               United States District Judge

---

[5] Judge Wettre recommended that only Acosta's claims against Delilah's A.C may proceed because Judge Wettre could not "discern from the current [Complaint] the precise manner in which severance could be ordered" to comply with the Rule 20 joinder requirements.  See R&R at 5-6.  However, the Complaint clearly contains allegations by Acosta against Delilah's A.C. and Blush Gentlemen's Club.  See Compl. ¶¶ 139-40, 146-56.  As such, the Court modifies the R&R to allow this action to go forward against both of those Defendants.

[6] In their objection to the R&R, Plaintiffs claim that severance "would suggest that all of the Plaintiffs should file individual actions against each separate defendant."  Pl. Br. at 2, ECF No. 91.  To the extent that multiple Plaintiffs' claims arise out of a single action of a Defendant, they may of course join together in a single action (for example, if a Defendant's advertisement allegedly misappropriates the image or likeness of multiple Plaintiffs).  However, "the mere fact that [multiple] Plaintiffs' claims arise under the same general law," standing alone, will not support joinder under Rule 20.  See Cooper v. Fitzgerald, 266 F.R.D. 86, 91 (E.D. Pa. 2010) (citation omitted).